```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MUTUAL HOUSING ASSOCIATION              :
OF NEW YORK, INC.                       :            SUMMARY ORDER
                                        :         ADOPTING REPORT &
              Plaintiff,                :          RECOMMENDATION
                                        :         15-CV-4519 (DLI)(RER)
                                        :
       -against-                        :
                                        :
                                        :
DIAMOND STATE INSURANCE COMPANY,        :
                                        :
              Defendant.                :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

Defendant Diamond State Insurance Company ("Defendant") and Plaintiff Mutual Housing Association of New York, Inc. ("Plaintiff") each cross-moved for summary judgment on September 20, 2016. *See* Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot."), Dkt. Entry No. 20; Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. and in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Mot."), Dkt. Entry No. 21. On June 22, 2017, this Court referred the cross-motions to United States Magistrate Judge Ramon E. Reyes, Jr., for the preparation of a Report and Recommendation ("R & R"). On July 10, 2017, Magistrate Judge Reyes issued a thorough and well-reasoned R & R recommending that the Court deny Defendant's motion in its entirety, and grant in part and deny in part Plaintiff's motion. *See* R & R at 1, Dkt. Entry No. 24.

Before the Court are Defendant's Objections to the R & R. *See* Def.'s Obj., Dkt. Entry No. 25. For the reasons set forth below, the objections are overruled and the R & R is adopted in its entirety.

## BACKGROUND[1]

Plaintiff commenced this action on August 3, 2015, alleging that Defendant, Plaintiff's insurer, had breached its contractual obligations to defend and indemnify Plaintiff in connection with an underlying state court action. *See* Compl., Dkt. Entry No. 1. The state court action concerns an automobile accident involving two of Plaintiff's employees and an automobile owned by a third employee. *Id.* On summary judgment, Defendant argues that Plaintiff failed to provide timely notice of any potential claim related to the accident, and of the underlying state court action, entitling Defendant to disclaim all coverage. *See* R & R at 3. In its cross-motion, Plaintiff argues that it gave timely notice under the law, and, therefore, Defendant must provide coverage.

The magistrate judge distilled the cross-motions into two questions: first, whether Defendant had a duty to indemnify Plaintiff, and second, whether Defendant had a duty to defend Plaintiff. The magistrate judge found that there were genuine issues of material fact precluding summary judgment for either party on the question of Defendant's duty to indemnify Plaintiff. *See* R & R at 5. However, he found that, on the question of Defendant's duty to defend, Defendant could not make the requisite showing at law necessary to disclaim the duty, and, as a result, the presumptive duty to defend remained. *See* R & R at 5-6.

Defendant timely objected to the R & R, arguing that: (1) "the [R & R] incorrectly found a question of fact regarding the duty to indemnify," and (2) "the [R & R] incorrectly found that finding a triable issue of fact must lead to a duty to defend." *See* R & R at 2, 5. Plaintiff timely responded, arguing that the magistrate judge correctly denied summary judgment to Defendant on the duty to indemnify, and correctly found that Defendant retains a duty to defend Plaintiff in the underlying state action. *See* Pl.'s Resp. at 2, 6, Dkt. Entry No. 26. Plaintiff did not object to the

---

[1] The Court assumes familiarity with the facts of this case as set forth in the R & R. (R & R at 1-3.)

magistrate judge's finding that Plaintiff is not entitled to summary judgment on the duty to indemnify. *See generally Id.*

## DISCUSSION

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which the party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). However, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of N.Y.*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Where a party does not object to a portion of the R & R, the court "need only satisfy itself that

there is no clear error on the face of the record." *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

A. **DEFENDANT'S OBJECTIONS**

   **1. Duty to Indemnify**

Defendant's objections regarding the duty to indemnify actually constitute a single objection: the magistrate judge insufficiently addressed Defendant's argument that, as a matter of law, Plaintiff's lack of "adequate practices" entitles Defendant to summary judgment. *See* Def.'s Obj. at 1, 4. This objection merely relitigates arguments already presented to the magistrate judge. *See* Def.'s Mot. at 1. The Court, therefore, reviews that portion of the R & R regarding the duty to indemnify only for clear error, and finds none. The magistrate judge addressed Defendant's argument regarding Plaintiff's practices, but concluded that, under summary judgment's requirement that the facts be construed in the light most favorable to the non-moving party, genuine issues of material fact remained and summary judgment, thus, was precluded. *See* R & R at 5. This Court agrees. Defendant's objection, therefore, is overruled.

   **2. Duty to Defend**

Regarding the duty to defend, Defendant's argument is that the magistrate judge's conclusion was contrary to law. *See* Def.'s Obj. at 5. The Court has reviewed the R & R *de novo* with respect to this issue, and overrules this objection as well. Defendant contends that Plaintiff "failed to comply with a condition precedent to coverage." *Id.* at 7. As such, Defendant maintains that there is no scenario in which Defendant has a duty to indemnify Plaintiff. Defendant further argues that, absent a duty to indemnify, there is no duty to defend. However, as the magistrate judge explained, there remain genuine issues of material fact as to whether Defendant has a duty

4

to indemnify in this case, which necessarily means that Defendant has a duty to defend. Accordingly, summary judgment for Plaintiff on this issue is appropriate.

## CONCLUSION

Upon due consideration and review, Defendant's objections are overruled. Accordingly, the R & R is adopted in its entirety. Summary judgment is denied to both parties on the duty to indemnify, and granted to Plaintiff on the duty to defend.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2017

                                              /s/
                                  DORA L. IRIZARRY
                                     Chief Judge